IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02240-BNB

TIMOTHY DOYLE YOUNG,

Plaintiff,

v.

R. WILEY, Warden,

Defendant.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB - 7 2008

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Timothy Doyle Young, is in the custody of the United States Bureau of Prisons and currently is incarcerated at Florence ADX. Mr. Young initiated this action by filing a *pro se* Prisoner Complaint alleging that his constitutional rights have been violated. He seeks injunctive relief and reimbursement of costs. Plaintiff also asserts that he is asserting his claims pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), 18 U.S.C. § 3626, 28 U.S.C. §§ 1361 and 2201-02, 5 U.S.C. § 701, and 5 U.S.C. § 552.

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Young will be ordered to file an Amended Complaint.

Mr. Young must assert personal participation by the named defendant in each

claim that he asserts. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Young must name and show how the named defendants caused a deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Here, although Mr. Young asserts that Defendant R. Wiley was responsible for changing the procedure by which an inmate may obtain a certified inmate account statement in retaliation for filing complaints, he fails to assert who was responsible for not providing him with a copy of his account statement since May 2007.

Therefore, Mr. Young will be directed to file an Amended Complaint that clarifies and alleges specific facts that demonstrate who personally participated in the denial of his account statement. In order for Mr. Young to state a claim in federal court, his Amended Complaint must explain what each defendant did to him; when the defendant did it; how the defendant's action harmed him; and, what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff is instructed that the only filing he is to submit to the Court at this time is an Amended Complaint if he desires to proceed with the instant action in this Court. Any future unnecessary filings submitted to the Court by Plaintiff will be ordered stricken

as malicious attempts by Plaintiff to inundate the Court. Accordingly, it is

ORDERED that Mr. Young file **within thirty days from the date of this Order** an Amended Complaint that is in keeping with the instant Order and names the proper parties to the action. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Young, together with a copy of this Order, two copies of a Court-approved Prisoner Complaint form to be used in submitting the Amended Complaint. It is

FURTHER ORDERED that if Mr. Young fails within the time allowed to file an original and sufficient copies of an Amended Complaint that complies with this Order, to the Court's satisfaction, the action will be dismissed without further notice. It is

FURTHER ORDERED that Plaintiff's request for mandatory recusal of Judge Zita L. Weinshienk (Doc. No. 7), filed November, 29, 2007, is DENIED. Judge Weinshienk is not the assigned judge in the instant action. It is

FURTHER ORDERED that Plaintiff's Request for Injunction (Doc. No. 6), filed November 29, 2007, regarding the provision of a certified copy of his account statement, is DENIED as moot. Plaintiff has been granted leave to proceed pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that Plaintiff's Motion to Withdraw Amended Complaint (Doc. No. 14), filed January 29, 2008, is DENIED as moot. It is

FURTHER ORDERED that Plaintiff's Objections to Ex Parte Contacts (Doc. No. 17), filed February 1, 2008, is DENIED as inappropriate. The Court has not communicated with his counselor regarding the issues of the instant action, and his counselor is not a party to the instant action. It is

FURTHER ORDERED that the only document Plaintiff is to file with this Court at this time is an Amended Complaint. Any other filings will be subject to being stricken.

DATED February 7, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02240-BNB

Timothy Doyle Young
Reg. No. 60012-001
ADX – Florence
PO Box 8500
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 2/7/08.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk